UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **ANTONIO Q. BACCHUS** | **12-12992** |
| | SECTION A |
| DEBTOR | CHAPTER 7 |
| | |
| **LEASE ALL, INC.** | ADVERSARY NO. |
| PLAINTIFF | **13-1005** |
| VERSUS | |
| **ANTONIO Q. BACCHUS** | |
| DEFENDANT | |

### MEMORANDUM OPINION

This matter came before the Court on the Complaint of Lease All, Inc. ("Lease All") against the debtor, Antonio Bacchus ("Bacchus"), objecting to the dischargeability of Bacchus' debt based on willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6). Trial was held on May 10, 2013. Upon the conclusion of trial, the Court took the matter under advisement.

**I. Findings of Fact**

Bacchus owned an auto shop specializing in body and fender work. Bacchus contracted to rent both a frame machine and paint booth from Lease All. However, the paint booth was never delivered. As a result, Lease All and Bacchus entered into a new contract to lease only the frame machine. Subsequently, Lease All and Bacchus disagreed on the date he was to begin making payments. In 2002, Lease All repossessed the frame machine and filed suit against Bacchus for an alleged default on the lease.[1]

---

[1] *Lease All, Inc. v. Antonio W. Bacchus d/b/a Cousin's Collision Center*, Case no. 2002-7691, Civil District Court for the Parish of Orleans.

On November 4, 2002, Lease All and Bacchus entered into a Consent Judgment in favor of Lease All in the amount of $14,089.95 plus judicial interest from date of demand, attorney's fees of 10% of all principal and interest due, and collection costs.[2] The Consent Judgment was also subject to a credit of $2,702.87 paid on July 11, 2002.

On October 25, 2002, Lease All and Bacchus entered a Forbearance Agreement whereby Lease All agreed to forbear collecting on the Consent Judgment for twelve (12) months if Bacchus satisfied certain conditions.[3] Lease All recorded the Consent Judgment in the Orleans Parish mortgage records on November 6, 2002.[4] Lease All did not attempt to collect on its Consent Judgment after the Forbearance Agreement expired and never contacted Bacchus. Bacchus was represented by the same law firm in connection with the Consent Judgment and Forbearance Agreement.

In 2004, Lease All rented a second frame machine to Bacchus, which was destroyed in August 2005 due to Hurricane Katrina. Again Lease All made no attempt to collect on the prior debt, nor did it raise any amount due under the Consent Judgment.

In 2009, Bacchus purchased a piece of rental property at 2427-29 Palmyra Street in New Orleans, Louisiana ("the Property"). He paid $25,000.00 for the Property then commenced renovations.

On August 10, 2010, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU") commenced an action to expropriate the

---

[2] Exhibit 1.

[3] Exhibit 7.

[4] Exhibit 1.

Property.[5] Pursuant to the expropriation, Orleans Parish Civil District Court issued an order transferring the Property to LSU and directing the deposit of $67,500.00 into the registry of the Court.[6] The Order required Bacchus to apply for withdrawal of funds after the satisfaction of all liens, mortgages, and encumbrances against the Property. Bacchus contested the fair market value of the Property. He was again represented by same law firm, and the expropriation suit is still pending.

On March 23, 2011, Bacchus filed an Unopposed Motion and Order to Disburse Funds from the Registry of the Court.[7] On April 15, 2011, before the funds were released to Bacchus, the Clerk of Court stamped the Unopposed Motion and Order to Disburse Funds from the Registry of the Court with the following notation: "NO LIEN/ NOTICE OF SEIZURE." The Order was signed on April 18, 2011, and Bacchus withdrew the $67,500.00 from the registry of the Court. Within two (2) weeks of receiving the funds, he paid his lawyer, bought a car for $33,000.00, and paid a $15,000.00 debt to his grandfather. Bacchus spent the remaining funds over the next year.

The Consent Judgment was revived by Order dated July 6, 2012.[8]

On October 10, 2012, Bacchus filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code, and on January 11, 2013, Lease All filed a Complaint objecting to the dischargeability of Bacchus' debt to it based on willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6).

---

[5] *Board of Supervisors of Louisiana State University and Agricultural and Mechanical College v. Antonio Q. Bacchus,* Case no. 10-8225, Civil District Court for the Parish of Orleans.

[6] Exhibit 4.

[7] Exhibit 5.

[8] Exhibit 1.

**II. Law and Analysis**

The party objecting to discharge bears the burden of proof by a preponderance of evidence.[9]

Section 523(a)(6) exempts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity."

> [T]he (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences* of an act," not simply "the act itself." *Restatement (Second) of Torts § 8A,* Comment *a,* p. 15 (1964) (emphasis added).[10]

The Fifth Circuit has also ruled that section 523(a)(6) requires intent to cause harm:

> First, [the Fifth Circuit] held that an injury is " 'willful and malicious' where there is either an objective substantial certainty of harm or a subjective motive to cause harm." *In re Miller,* 156 F.3d 598, 606 (5th Cir.1998); *In re Williams,* 337 F.3d 504, 508–09 (5th Cir.2003). Second, [the Fifth Circuit] noted that "it would seem peculiar to deem an action causing injury not 'willful' when the tortfeasor's action was in fact motivated by a desire to cause injury." *Miller,* 156 F.3d at 604. In an opinion nearly contemporaneous with *Miller,* [the Fifth Circuit] stated that " 'the debtor must have intended the actual injury that resulted.' " *State of Texas v. Walker,* 142 F.3d 813, 823 (5th Cir.1998) (quoting *In re Delaney,* 97 F.3d 800, 802 (5th Cir.1996)).[11]

The debt represented by the Consent Judgment arose under a lease of equipment to Bacchus in 2002. Bacchus stopped making payments on the lease because of a disagreement as to the contractual due date. The equipment was eventually picked up by Lease All, and a

---

[9] *U.S. v. Coney*, 689 F.3d 365, 371 (5th Cir. 2012).

[10] *Kawaauhau v. Geiger*, 523 U.S. 57, 62, 118 S.Ct. 974, 977 (1998).

[11] *In re Shcolnik*, 670 F.3d 624, 629 (5th Cir. 2012).

4

Consent Judgment was negotiated between Bacchus' counsel and Lease All. Although the Consent Judgment and Forbearance Agreement preserved Lease All's rights, the amounts under the Consent Judgment were never mentioned and no attempt to collect was made until July 2011. Bacchus testified that his understanding was that any dispute with Lease All was "over." He based his impression on his subsequent rental of another piece of equipment from Lease All in 2004 and the fact that Lease All neither mentioned nor attempted to collect the prior debt. The second piece of equipment was subsequently destroyed in August 2005 due to Hurricane Katrina. Even after the destruction of the equipment, Lease All made no contact with Bacchus regarding the payment of the amounts owed under either contract.

Bacchus testified that because he believed everything was settled with Lease All, he did not realize a lien existed on the Property. As noted above, there was no evidence to the contrary as the Orleans Parish Clerk of Court certified that no liens existed on the Property at the time Bacchus withdrew the funds from the Court's registry. It also appears that counsel for Bacchus was equally unaware of the lien as he applied for withdrawal of funds and took payment for fees from the proceeds.

It is worth noting that the Property in question was not acquired by Bacchus until 2009, some seven (7) years after the recordation of the Consent Judgment. Although the Consent Judgment immediately attached to the Property, there was no reason for Bacchus to assume this fact as he is a lay person without any specialized legal knowledge. By the time Lease All attempted collection, the debt was over ten (10) years old. Given that Lease All had made no prior attempts to collect, nor had it ever communicated with Bacchus regarding his obligation, the Court finds Bacchus' testimony that he believed the matter settled credible.

Because Bacchus believed that no amounts were due to Lease All and was unaware of any lien against the Property, he lacked the intent to harm Lease All by withdrawing and spending the funds paid as a result of the expropriation. This Court finds no willful or malicious intent on the part of Bacchus. Therefore, the debt owed by Bacchus to Lease All is dischargeable. The Court will enter a separate Order in accord with this Opinion.

New Orleans, Louisiana, June 11, 2013.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge